**STATE, ex rel. COSSAIRT, Plaintiff-Appellee, v. LAKEWOOD POLICE RELIEF AND PENSION FUND et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23090.   Decided July 7, 1954.

Krewson & Williams, Cleveland, for appellee.
Charles F. Ross, Cleveland, for appellants.

(DOYLE, PJ, HUNSICKER, J, STEVENS, J, of the Ninth District, sitting by designation in the Eighth Appellate District.)

## OPINION

By STEVENS, J:

Charles J. Cossairt was appointed and became a duly qualified and acting member of the Division of Police of the City of Lakewood on April 8, 1924.   Thereafter he was appointed and became the duly qualified and acting Chief of Police of the City of Lakewood on August 1, 1951

Cossairt continued to serve as Chief of Police until December 4, 1952, on which date he died while still in office.

The relatrix, Vhelma A. Cossairt, was married to Charles J. Cossairt while he was in active service, and, upon his death became and is his surviving spouse and widow.

Vhelma A. Cossairt is now living and has not remarried.

During his lifetime, Charles J. Cossairt was a member of the Lakewood Police Relief and Pension Fund and elected in writing to receive benefits and pensions in accordance with the rules and regulations of said fund in force on April 1, 1947, as provided by §4631-1 GC.

After the death of Cossairt, the defendants tendered to relatrix monthly checks for $60.00 each in accord with the provisions of §741.49 R. C., which were refused and returned by relatrix.

Plaintiff claims that relatrix is entitled to one-half of 11/16 of the salary of her deceased husband at the time of his death, in accordance with the rules and regulations of said Lakewood Police Relief and Pension Fund in force on April 1, 1947.

Upon the refusal of defendants to pay according to said rules of the Lakewood Police Relief and Pension Fund, this action in mandamus was instituted in the Court of Common Pleas of Cuyahoga County by plaintiff, seeking a peremptory writ compelling the defendants to pay in conformity to said rules.

The trial court issued the writ sought and this appeal on questions of law seeks a reversal of the judgment of the trial court.

The appellant has set out eight assignments of error all of which may be condensed into two assignments as follows:

1. The judgment is manifestly against the weight of the evidence.

2. The judgment is contrary to law.

Our reading of this record impels the conclusion that the judgment is not manifestly against the weight of the evidence.

Is the judgment contrary to law?

**Sec. 4631-1 GC** provided:

"Persons who, on the effective date of this act, have been contributing two percent of their annual salary to the police relief and pension fund may elect to receive benefits and pensions from said fund in accordance with the rules and regulations governing the granting of pensions and benefits therefrom, in force on the first day of April, 1947. Such elections must be in writing and filed with the trustees of said fund within sixty days after the effective date of this act. Provided, however, such person shall be required to contribute to the fund in the manner, and in the amount provided for in §4625 GC."

The stipulations of fact contained in the bill of exceptions provide, among others:

"7. During his lifetime, Charles J. Cossairt elected in writing to receive benefits and pensions in accordance with the Rules and Regulations in force on April 1, 1947 * * *."

The rules and regulations of Lakewood Police Relief and Pension Fund bearing on the question under consideration are:

"Section No. 1. If any member * * * who has been in the service of such Police Department for twenty-five consecutive years * * * be retired from all service in the Police Department * * * the Board of Trustees shall authorize the payment to such retired member, monthly, from the Relief Fund, an amount equal to eleven-sixteenths of the salary

paid from time to time for the position from which said member retired.

"Section No. 3. * * * in case of death while on the Department * * * their widows shall receive one-half of their pension subject to the provisions set forth in Section 1, of this Act. * * * Said pension to the widow shall cease in case of her death or remarriage. .

"* * *

"Section No. 5. The Board of Trustees shall make all rules and regulations for distribution of the Fund * * *."

Under the heading "Beneficiaries" contained in said rules, the following appears:

"Said amendment (applying to Sections 1, 2, 3 and 4), to become effective as to all persons receiving pensions or who hereafter may be entitled to receive pensions."

It will be observed from the foregoing that, under the decedent's election, duly made, he would, in the event of his retirement after twenty-five consecutive years in the police department, if in good standing, have been entitled to receive 11/16 of the salary paid for the position from which he retired; that would have been his pension under the rules and regulations of the fund in force on April 1, 1947.

Section 3 of the rules of said fund states:

"* * * in case of death while on the Department * * * their widows shall receive **one-half of their pension** * * *." (Emphasis ours.)

The decedent, while alive, made his election in writing to receive benefits and pensions from said fund, under the rules and regulations in force on April 1, 1947.

By that election, he procured for himself and for the other persons named in said rules, the right to be paid under the rules and regulations in force on April 1, 1947.

No one other than the decedent could make that election, and the other persons named in the rules as potential beneficiaries could not, under the statute (§4631-1 GC) have made any election, because they had not been contributing anything to the police relief and pension fund, and hence did not fall within the statutory classification of "Persons who, on the effective date of this Act, have been contributing two percent of their annual salary to a police relief and pension fund."

The decedent died before retiring from the force, while still a member of the relief fund, and, under Section 3 of the rules, his wife was entitled to receive one-half of his pension, or one-half of 11/16 of his salary at the time of his death, and that right may be enforced by mandamus. **State ex rel Zupnik, 161 Oh St 43.**

There was nothing in the legislation (§4616 et seq. GC as amended) which provided that previously existing police relief funds should be abolished; in fact, the contrary expressly appeared in §4625 GC, effective September 25, 1947, which provided in part:

"Nothing contained herein shall in any manner affect any police relief subsidiary fund heretofore established and maintained, and the right of the trustees to receive contributions thereto and to make disbursements in accordance with its rules."

The judgment will be affirmed. Exceptions. Order see journal.

DOYLE, PJ, HUNSICKER, J, concur.